IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY DOYLE YOUNG,   No. C 12-4575 SBA (PR)

    Plaintiff,   **ORDER OF TRANSFER**

  v.

UNITED STATES,

    Defendant.
    _____/

    This case was opened when Plaintiff, a federal prisoner currently incarcerated at the United States Penitentiary in Florence, Colorado, filed a document entitled, "Civil Complaint." Because Plaintiff's claims primarily concern the conditions of his confinement, the Clerk of the Court correctly construed this case as a civil rights action and coded it under the following nature of suit: "550 Prisoner: Civil Rights." See Moran v. Sondalle, 218 F.3d 647, 650-52 (7th Cir. 2000) (civil rights action is proper method of challenging conditions of confinement); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (same). To date, he has not paid the $350.00 filing fee or completed an in forma pauperis application.

    Plaintiff names the "United States" as the party against whom he wishes to assert his claims. However, Plaintiff complains about the conduct of Unit Manager Rangel, employees at the prison hospital, Correctional Officers Arko and Aragon, P. A. Osagie, his unit team, the legal department, and other personnel at the penitentiary at which he is incarcerated.

    The proper venue for Plaintiff's lawsuit is in the District of Colorado, where the putative Defendants would be found and where the claims arose. See 28 U.S.C. § 1391(b). When jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any

defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Id.  Where a case is filed in the wrong venue,ulo district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice."  28 U.S.C. § 1406(a).  Venue may be raised by the court sua sponte where the defendant has not filed a responsive pleading and the time for doing so has not run.  Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

Accordingly, it is ORDERED that, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action be TRANSFERRED to the United States District Court for the District of Colorado.  The Clerk shall transfer this matter forthwith.

IT IS SO ORDERED.

DATED: 9/12/12

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\SBA\CR.12\Young4575.Transfer.wpd                         2

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY AOYLE YOUNG et al, | Case Number: CV12-04575 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| UNITED STATES et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Timothy Doyle Young 60012-001
U.S. Penitentiary - Max - ADX
P.O. Box 8500
Florence, CO 81226-8500

Dated: September 12, 2012

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.12\Young4575.Transfer.wpd          3